IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PEOPLE OF THE STATE OF CALIFORNIA,

    Plaintiff,                                          No. MISC 12-15 MCE CKD PS

    vs.

C. D. ALSTON,

    Defendant.                                      FINDINGS AND RECOMMENDATIONS

_____/

        Defendant has filed a notice of removal of a state criminal prosecution. Pursuant to 28 U.S.C. § 1446(c)(4), where the notice of removal demonstrates that removal should not be permitted, the court shall make an order for summary remand. It appears from the notice of removal and the exhibits attached thereto that defendant is a private citizen. Although certain defendants in state criminal prosecutions are entitled to remove the action to federal court, defendant is not a person so authorized pursuant to 28 U.S.C. § 1442 et seq. To the extent petitioner is claiming that her constitutional rights are being violated in the prosecution of the criminal action, defendant may raise such challenges in a habeas action upon completion of the criminal action.

        Defendant has also filed a motion for temporary restraining order. The standards governing the issuance of temporary restraining orders are "substantially identical" to those

1

governing the issuance of preliminary injunctions.  Stuhlbarg Intern. Sales Co., Inc. v. John D. Brushy and Co., Inc., 240 F.3d 832, 839 n. 7 (9th Cir.2001).  Therefore, "[a] plaintiff seeking a [TRO] must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  Am. Trucking Ass'n, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir.2009) (quoting Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7 (2008)).  "A preliminary injunction is appropriate when a plaintiff demonstrates . . . that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor."  Alliance for the Wild Rockies v. Cottrell, 622 F.3d 1045, 1049-50 (9th Cir. 2010) (quoting Lands Council v. McNair, 537 F.3d 981, 97 (9th Cir. 2008) (en banc)).  A TRO is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."  Winter, 129 S. Ct. at 376.

The Ninth Circuit has reiterated that under either formulation of the principles, if the probability of success on the merits is low, preliminary injunctive relief should be denied:

> Martin explicitly teaches that "[u]nder this last part of the alternative test, even if the balance of hardships tips decidedly in favor of the moving party, it must be shown as an irreducible minimum that there is a fair chance of success on the merits."

Johnson v. California State Bd. of Accountancy, 72 F.3d 1427, 1430 (9th Cir. 1995) (quoting Martin v. International Olympic Comm., 740 F.2d 670, 675 (9th Cir. 1984)).  Plaintiff here alleges no proper basis for federal subject matter jurisdiction; therefore there is no probability of success on the merits.  Preliminary injunctive relief should be denied.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The petition for removal (dkt. no. 1) be denied and the above-entitled action be summarily remanded to the Superior Court of California, County of Sacramento; and

2. The motion for temporary restraining order (dkt. no. 2) be denied.

/////

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 8, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4
alston.remcrim