1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11  C.D. ALSTON,                        No. 2:12-MC-0015-MCE-CKD

12            Plaintiff,

13      v.                              MEMORANDUM AND ORDER

14  CITY OF SACRAMENTO, et al.,

15            Defendants.

16                              ----oo0oo----

17

18      Before the Court is Plaintiff's Motion for a Temporary

19  Restraining Order and Preliminary Injunction.  For the reasons

20  that follow, the motion is DENIED and this case is DISMISSED.

21

22                            **BACKGROUND**

23

24      On March 7, 2012, Plaintiff filed a Petition of Removal of

25  Criminal Prosecution to the District Court [ECF No. 1].

26  ///

27  ///

28  ///

1

1  In her Petition, Plaintiff seeks to have her pending criminal

2  prosecution for a violation of California Penal Code § 69 removed

3  from the California Superior Court to this Court on the basis of

4  the Sacramento City Police Department's alleged violations of her

5  rights under the Fourth and Fourteenth Amendments of the U.S.

6  Constitution.[1]  In her Motion for a Temporary Restraining Order

7  and Preliminary Injunction, Plaintiff seeks an order from this

8  Court enjoining the State of California from taking her into

9  custody at a hearing for the violation of California Penal Code

10 § 69 that is apparently scheduled for March 9, 2012 [ECF No 2].

11 In essence, Plaintiff contends that the Sacramento Police

12 Department has, without any cause, targeted her for multiple

13 unconstitutional investigations, detentions and arrests.

14     On March 8, 2012, the magistrate judge filed Findings and

15 Recommendations. [ECF. No. 3]. The magistrate judge found that

16 Plaintiff had failed to allege any proper basis for federal

17 subject matter jurisdiction and therefore Plaintiff had no

18 likelihood of success on the merits, so a temporary restraining

19 order was therefore not warranted.

20 ///

21 ///

---

23 [1]     California Penal Code § 69 provides:

24 Every person who attempts, by means of any threat or
   violence, to deter or prevent an executive officer from
   performing any duty imposed upon such officer by law,
25 or who knowingly resists, by the use of force or
   violence, such officer, in the performance of his duty,
26 is punishable by a fine not exceeding ten thousand
   dollars ($10,000), or by imprisonment pursuant to
27 subdivision (h) of Section 1170, or in a county jail
   not exceeding one year, or by both such fine and
28 imprisonment.

1  The magistrate judge recommended that this Court (1) deny

2  Plaintiff's Petition and remand to the Superior Court; and

3  (2) deny the motion for a temporary restraining order.

4

5                              **ANALYSIS**

6

7      In accordance with the provisions of 28 U.S.C.

8  § 636(b)(1)(C) and Local Rule 72-304, this Court has conducted a

9  de novo review of this case.  While this Court is in accord with

10 the magistrate judge's findings that there is no basis for

11 federal subject matter jurisdiction and therefore Plaintiff had

12 no likelihood of success on the merits of her motion for a

13 temporary restraining order, the Court does not adopt the

14 magistrate judge's recommendations in full because the Court

15 finds on the basis of Younger v. Harris, 401 U.S. 37 (1971) and

16 its progeny that dismissal of Plaintiff's action is warranted.

17     Specifically, absent extraordinary circumstances, not

18 present here, federal courts should abstain from enjoining

19 ongoing state court proceedings.  See Younger v. Harris, 401 U.S.

20 37 (1971).  In Younger, the Supreme Court "'espouse[d] a strong

21 federal policy against federal-court interference with pending

22 state judicial proceedings.'"  H.C. v. Koppel, 203 F.3d 610, 613

23 (9th Cir. 2000) (quoting Middlesex County Ethics Comm. v. Garden

24 State Bar Ass'n, 457 U.S. 423, 431, (1982)).  The "principles of

25 equity, comity, and federalism . . . must restrain a federal

26 court when asked to enjoin a state court proceeding."  Mitchum v.

27 Foster, 407 U.S. 225, 243 (1972).

28 ///

1    Under <u>Younger</u>, a federal court must abstain if four

2  requirements are met:

3       (1) a state-initiated proceeding is ongoing; (2) the
        proceeding implicates important state interests; (3)
4       the federal plaintiff is not barred from litigating
        federal constitutional issues in the state proceeding;
5       and (4) the federal court action would enjoin the
        proceeding or have the practical effect of doing so,
6       i.e., would interfere with the state proceeding in a
        way that <u>Younger</u> disapproves.

7

8  <u>San Jose Silicon Valley Chamber of Commerce Political Action</u>

9  <u>Comm. v. City of San Jose</u>, 546 F.3d 1087, 1091-92 (9th Cir.

10  2008).

11    Here, the first criteria is met because the California

12  action is pending: according to Plaintiff's brief, she has a

13  hearing scheduled for March 9, 2012.  The second criteria is met

14  because of the state's important interest in prosecuting

15  individuals charged with violating California Penal Code § 69.

16  <u>Younger</u> held that interference with a state criminal prosecution

17  would disrupt the exercise of a basic state function,

18  "prohibiting the State from carrying out the important and

19  necessary task of enforcing these laws against socially harmful

20  conduct that the State believes in good faith to be punishable

21  under its law and Constitution."  <u>Younger</u>, 401 U.S. at 51-52.

22  Thus, a criminal prosecution implicates important state

23  interests.

24    The third criteria is satisfied because Plaintiff has not

25  presented any argument demonstrating why the California court

26  would not provide her with an adequate opportunity to litigate

27  her federal claims.

28  ///

1  Specifically, although she generally alleges that the Sacramento
2  police have targeted her for illegal and unconstitutional
3  arrests, she does not contend that the prosecutor or courts are
4  complicit in the alleged unconstitutional acts of the Sacramento
5  police force.

6      Younger recognized narrow exceptions to its fundamental rule
7  of abstinence in the limited cases of a showing of bad faith
8  prosecution, harassment, or flagrant and patent violations of
9  express constitutional prohibitions.  Younger, 401 U.S. at 53-54.
10 However, the Younger exception is extremely narrow and limited to
11 circumstances where plaintiff is threatened with irreparable
12 injury above and beyond that associated with the defense of a
13 single prosecution brought in good faith."  Id. at 48.  "Only in
14 cases of proven harassment or prosecutions undertaken by state
15 officials in bad faith without hope of obtaining a valid
16 conviction and perhaps in other extraordinary circumstances where
17 irreparable injury can be shown is federal injunctive relief
18 against pending state prosecutions appropriate."  Perez v.
19 Ledesma, 401 U.S. 82, 85 (1971).

20     Plaintiff has not demonstrated that the California courts
21 cannot address her claims.  The issues raised in Plaintiff's
22 petition and motion for injunctive relief are properly raised as
23 defenses in the state court prosecution and do not support
24 finding an exception to the general rule prohibiting federal
25 court intervention in ongoing state criminal proceedings.  State
26 courts routinely consider federal constitutional issues as part
27 of the criminal appellate process.
28 ///

1    Finally, the fourth requirement, that the federal court

2  action would enjoin the state proceeding, is met because the

3  relief Plaintiff seeks is to enjoin California from taking her

4  into custody and to have her pending criminal prosecution on

5  state charges transferred from the state court to federal court.

6  This type of interference has been described as "the most

7  offensive and intrusive action that a federal court can take with

8  respect to a state court proceeding."  Gilbertson v. Albright,

9  381 F.3d 965, 977 (9th Cir. 2004) (en banc).

10    Because Younger applies, this Court must abstain from

11  enjoining this case.  "When an injunction is sought and Younger

12  applies, it makes sense to abstain, that is, to refrain from

13  exercising jurisdiction, permanently by dismissing the federal

14  action because the federal court is only being asked to stop the

15  state proceeding."  Gilbertson, 381 F.3d at 981.  Furthermore,

16  "[o]nce it is determined that an injunction is not warranted on

17  Younger grounds, there is nothing more for the federal court to

18  do.  Hence, dismissal (and only dismissal) is appropriate."  Id.;

19  see also H.C. v. Koppel, 203 F.3d 610, 613 (9th Cir. 2000) ("When

20  the case is one in which the Younger doctrine applies, the case

21  must be dismissed.").

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

1    IT IS THEREFORE ORDERED that Plaintiff's ex parte motion for

2 a temporary restraining order and preliminary injunction be, and

3 the same hereby is, DENIED and the case is DISMISSED.

4    The Clerk of the Court is directed to close this case.

5    IT IS SO ORDERED.

6 Dated: March 8, 2012

7

8    _____

9    MORRISON C. ENGLAND, JR.
    UNITED STATES DISTRICT JUDGE