UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| C.D. ALSTON, | No. 2:12-MC-0015-MCE-CKD |
|     Plaintiff, | |
|   v. | MEMORANDUM AND ORDER |
| CITY OF SACRAMENTO, et al., | |
|     Defendants. | |

----oo0oo----

Before the Court is Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction. For the reasons that follow, the motion is DENIED and this case is DISMISSED.

**BACKGROUND**

On March 7, 2012, Plaintiff filed a Petition of Removal of Criminal Prosecution to the District Court [ECF No. 1].

///
///
///

1

In her Petition, Plaintiff seeks to have her pending criminal prosecution for a violation of California Penal Code § 69 removed from the California Superior Court to this Court on the basis of the Sacramento City Police Department's alleged violations of her rights under the Fourth and Fourteenth Amendments of the U.S. Constitution.[1]  In her Motion for a Temporary Restraining Order and Preliminary Injunction, Plaintiff seeks an order from this Court enjoining the State of California from taking her into custody at a hearing for the violation of California Penal Code § 69 that is apparently scheduled for March 9, 2012 [ECF No 2]. In essence, Plaintiff contends that the Sacramento Police Department has, without any cause, targeted her for multiple unconstitutional investigations, detentions and arrests.

On March 8, 2012, the magistrate judge filed Findings and Recommendations. [ECF. No. 3]. The magistrate judge found that Plaintiff had failed to allege any proper basis for federal subject matter jurisdiction and therefore Plaintiff had no likelihood of success on the merits, so a temporary restraining order was therefore not warranted.

///

///

---

[1] California Penal Code § 69 provides:

Every person who attempts, by means of any threat or violence, to deter or prevent an executive officer from performing any duty imposed upon such officer by law, or who knowingly resists, by the use of force or violence, such officer, in the performance of his duty, is punishable by a fine not exceeding ten thousand dollars ($10,000), or by imprisonment pursuant to subdivision (h) of Section 1170, or in a county jail not exceeding one year, or by both such fine and imprisonment.

2

The magistrate judge recommended that this Court (1) deny Plaintiff's Petition and remand to the Superior Court; and (2) deny the motion for a temporary restraining order.

**ANALYSIS**

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 72-304, this Court has conducted a de novo review of this case.  While this Court is in accord with the magistrate judge's findings that there is no basis for federal subject matter jurisdiction and therefore Plaintiff had no likelihood of success on the merits of her motion for a temporary restraining order, the Court does not adopt the magistrate judge's recommendations in full because the Court finds on the basis of Younger v. Harris, 401 U.S. 37 (1971) and its progeny that dismissal of Plaintiff's action is warranted.

Specifically, absent extraordinary circumstances, not present here, federal courts should abstain from enjoining ongoing state court proceedings.  See Younger v. Harris, 401 U.S. 37 (1971).  In Younger, the Supreme Court "'espouse[d] a strong federal policy against federal-court interference with pending state judicial proceedings.'" H.C. v. Koppel, 203 F.3d 610, 613 (9th Cir. 2000) (quoting Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 431, (1982)).  The "principles of equity, comity, and federalism . . . must restrain a federal court when asked to enjoin a state court proceeding." Mitchum v. Foster, 407 U.S. 225, 243 (1972).
///

1    Under Younger, a federal court must abstain if four
2 requirements are met:

> (1) a state-initiated proceeding is ongoing; (2) the proceeding implicates important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so, i.e., would interfere with the state proceeding in a way that Younger disapproves.

San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose, 546 F.3d 1087, 1091-92 (9th Cir. 2008).

   Here, the first criteria is met because the California action is pending: according to Plaintiff's brief, she has a hearing scheduled for March 9, 2012.  The second criteria is met because of the state's important interest in prosecuting individuals charged with violating California Penal Code § 69. Younger held that interference with a state criminal prosecution would disrupt the exercise of a basic state function, "prohibiting the State from carrying out the important and necessary task of enforcing these laws against socially harmful conduct that the State believes in good faith to be punishable under its law and Constitution."  Younger, 401 U.S. at 51-52. Thus, a criminal prosecution implicates important state interests.

   The third criteria is satisfied because Plaintiff has not presented any argument demonstrating why the California court would not provide her with an adequate opportunity to litigate her federal claims.

///

Specifically, although she generally alleges that the Sacramento police have targeted her for illegal and unconstitutional arrests, she does not contend that the prosecutor or courts are complicit in the alleged unconstitutional acts of the Sacramento police force.

<u>Younger</u> recognized narrow exceptions to its fundamental rule of abstinence in the limited cases of a showing of bad faith prosecution, harassment, or flagrant and patent violations of express constitutional prohibitions. <u>Younger</u>, 401 U.S. at 53-54. However, the <u>Younger</u> exception is extremely narrow and limited to circumstances where plaintiff is threatened with irreparable injury above and beyond that associated with the defense of a single prosecution brought in good faith." <u>Id.</u> at 48.  "Only in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown is federal injunctive relief against pending state prosecutions appropriate." <u>Perez v. Ledesma</u>, 401 U.S. 82, 85 (1971).

Plaintiff has not demonstrated that the California courts cannot address her claims.  The issues raised in Plaintiff's petition and motion for injunctive relief are properly raised as defenses in the state court prosecution and do not support finding an exception to the general rule prohibiting federal court intervention in ongoing state criminal proceedings.  State courts routinely consider federal constitutional issues as part of the criminal appellate process.

///

1    Finally, the fourth requirement, that the federal court
2 action would enjoin the state proceeding, is met because the
3 relief Plaintiff seeks is to enjoin California from taking her
4 into custody and to have her pending criminal prosecution on
5 state charges transferred from the state court to federal court.
6 This type of interference has been described as "the most
7 offensive and intrusive action that a federal court can take with
8 respect to a state court proceeding." Gilbertson v. Albright,
9 381 F.3d 965, 977 (9th Cir. 2004) (en banc).

10    Because Younger applies, this Court must abstain from
11 enjoining this case.  "When an injunction is sought and Younger
12 applies, it makes sense to abstain, that is, to refrain from
13 exercising jurisdiction, permanently by dismissing the federal
14 action because the federal court is only being asked to stop the
15 state proceeding." Gilbertson, 381 F.3d at 981.  Furthermore,
16 "[o]nce it is determined that an injunction is not warranted on
17 Younger grounds, there is nothing more for the federal court to
18 do.  Hence, dismissal (and only dismissal) is appropriate." Id.;
19 see also H.C. v. Koppel, 203 F.3d 610, 613 (9th Cir. 2000) ("When
20 the case is one in which the Younger doctrine applies, the case
21 must be dismissed.").
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

6

       IT IS THEREFORE ORDERED that Plaintiff's ex parte motion for a temporary restraining order and preliminary injunction be, and the same hereby is, DENIED and the case is DISMISSED.

       The Clerk of the Court is directed to close this case.

       IT IS SO ORDERED.

Dated: March 8, 2012

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE